1

CENTER FOR DISABILITY ACCESS
Raymond G. Ballister, Jr. SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq. SBN 171771
Mail: PO Box 262490
    San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
    San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

2

3

4

5

6    Attorney for Plaintiff

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11

**Scott Johnson**,                    Case: 2:15-CV-00226-TLN-CKD

12           Plaintiff,              **Plaintiff's Memorandum of Points and Authorities in Support of Application for Default Judgment by Court Against Rashad Sam Yafai, Abdo Yahia Nagi Sr and Musa Ali Hassan and Request to Affix Fees**

13      v.

14
**Rashad Sam Yafai**, in his individual
15  and representative capacity as
Trustee--Rashad S Yafai 2009 Trust;
16  **Abdo Yahia Nagi Sr;**
**Musa Ali Hassan**; and Does 1-10,
17
           Defendants.
18

19

20

21

22

23

24

25

26

27

28

---

# TABLE OF CONTENTS

I.      **PROCEDURAL POSTURE** ------------------------------------------------ 1

II.    **CONCISE FACTUAL STATEMENT** -------------------------------------- 1

III.   **ARGUMENT** -------------------------------------------------------------------- 2

     A.   The Americans with Disabilities Act ------------------------------------- 3

        1.   *The Plaintiff is Disabled* ------------------------------------------------ 4

        2.   *The Defendant's Business is a Public Accommodation* --------------------- 4

        3.   *The Business Presented Physical Barriers* ----------------------------------- 5

        4.   *Summary* ----------------------------------------------------------------------- 5

     B.   The Unruh Civil Rights Act ----------------------------------------------- 5

IV.   **THE EITEL FACTORS SUPPORT GRANTING THE MSJ** ----------------- 6

     A.   Possibility of Prejudice to Plaintiff----------------------------------------- 7

     B.   The Merits and Sufficiency of the Plaintiff's Claims & Complaint --------- 7

     C.   The Sum of Money at Stake------------------------------------------------- 7

     D.   The Possibility of Dispute-------------------------------------------------- 7

     E.   The Possibility of Excusable Neglect-------------------------------------- 8

     F.   Policy Favoring Decision on the Merits ----------------------------------- 8

IV.   **REQUEST TO AFFIX ATTORNEY FEES**----------------------------------- 8

V.    **CONCLUSION**-----------------------------------------------------------------------10

Plaintiff's Application for Default Judgment      Case: 2:15-CV-00226-TLN-CKD

1
2

# TABLE OF AUTHORITIES

3

4

**Cases**

*Aldabe v. Aldabe,*
   616 F.2d 1089 (9th Cir. 1980) ............................................................ 6

*Blackwell v. Foley,*
   724 F. Supp. 2d 1068 (N.D. Cal. 2010) .............................................. 9

*Chapman v. Pier 1 Imports (U.S.) Inc.,*
   631 F.3d 939 (9th Cir. 2011) .............................................................. 5

*City of Riverside v. Rivera,*
   477 U.S. 561 (1986) .......................................................................... 9

*Eitel v. McCool,*
   782 F.2d 1470 (9th Cir.1986) ......................................................... 6, 8

*Geddes v. United Fin.Group,*
   559 F.2d 557 (9th Cir.1977) .............................................................. 6

*Goodwin v. C.N.J., Inc.,*
   436 F.3d 44 (1st Cir. 2006) ............................................................... 8

*Helen L. v. DiDario,*
   46 F.3d 325 (3rd Cir. 1995) ............................................................... 3

*Independent Living Resources v. Oregon Arena Corp.,*
   982 F.Supp 698 (D. Org. 1997) ........................................................ 3

*PepsiCo, Inc. v. California Sec. Cans,*
   238 F. Supp. 2d 1172 (C.D. Cal. 2002)........................................... 7, 8

*Roberts v. Royal Atlantic Corp.,*
   542 F.3d 363 (2nd Cir. 2008) ............................................................ 3

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff's Application for Default Judgment     Case: 2:15-CV-00226-TLN-CKD

*Shanghai Automation Instrument Co., Ltd. v. Kuei,*
   194 F. Supp. 2d 995 (N.D. Cal. 2001) ................................................. 8

*Vogel v. Rite Aid Corp.,*
   --- F.Supp.2d ---, 2014 WL 211789 (C.D. Cal. 2014) ......................... 7

*Wilson v. Haria and Gogri Corp.,*
   479 F.Supp.2d 1127 (E.D. Cal. 2007) ................................................. 5

**Statutes**

42 U.S.C. § 12102(2)(A) ..................................................................... 4

42 U.S.C. § 12102(a) .......................................................................... 4

42 U.S.C. § 12181(7)(B) ..................................................................... 4

42 U.S.C. § 12182(a) .......................................................................... 4

42 U.S.C. § 12182(b)(2)(A)(iv) ........................................................3, 4

42 U.S.C. § 12188 .............................................................................. 5

42 U.S.C. § 12188(a) .......................................................................... 4

42 U.S.C. § 12205 .............................................................................. 8

ADAAG § 7.2(1) ................................................................................. 5

Cal. Civ. Code § 51(f) ........................................................................ 5

Cal. Civ. Code § 52(a) .....................................................................5, 8

Fed. R.Civ.Proc. 8(b)(6) .................................................................... 6

Plaintiff's Application for Default Judgment        Case: 2:15-CV-00226-TLN-CKD

# I. PROCEDURAL POSTURE

The complaint was filed in federal court on January 27, 2015. The Proof of Service for Rashad Sam Yafai was filed on June 24, 2015, The Proof of Service for Abdo Yahia Nagi Sr and Musa Ali Hassan were filed on April 23, 2015.  The Defaults of Defendants Rashad Sam Yafai, Abdo Yahia Nagi Sr and Musa Ali Hassan were taken on July 14, 2015. There are no other defendants in the case.

# II. CONCISE FACTUAL STATEMENT

Plaintiff is an individual with disabilities. He is a level C-5 quadriplegic, cannot walk, and uses a wheelchair for mobility. Exhibit 2 (Dec of Plaintiff), paragraph 2. In August and September of 2014, the plaintiff went to Corona Liquor ("Corona Liquor") located at 2280 E Main Street, Stockton, California. *Id.* at paragraph 3.  There were no accessible parking spaces, transaction counters, paths of travel through merchandise aisles, and there was no accessible restroom for use by persons with disabilities. *Id.* at paragraph 4-13.

The plaintiff personally encountered this problem. This inaccessible condition denied the plaintiff full and equal access and caused him difficulty and frustration.

The plaintiff would like to return to the business but is dissuaded from doing so because of the lack of accessible facilities. As soon as these facilities are made accessible, the plaintiff will be able to patronize the business again without fear of discrimination.

# III. ARGUMENT

Rule 55 of the Federal Rules of Civil Procedure allows for judgment to be had in a case of this type when the defendant fails to answer the

Plaintiff's Application for Default Judgment       Case: 2:15-CV-00226-TLN-CKD

Complaint. In this case, defendants Rashad Sam Yafai, Abdo Yahia Nagi Sr and Musa Ali Hassan were served with the Summons and Complaint evidenced by the Proof of Service of Summons on file with this Court. As detailed in the Declaration of Plaintiff's counsel, defendants Rashad Sam Yafai, Abdo Yahia Nagi Sr and Musa Ali Hassan, are not infants or incompetent persons or in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.

Defendants Rashad Sam Yafai, Abdo Yahia Nagi Sr and Musa Ali Hassan were on notice as to what the Plaintiff was seeking as it was served with the Complaint which references with specificity in Plaintiff's Prayer for Relief the fact that Plaintiff was seeking:

> 1. **For injunctive relief**, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under that section.
> 2. **Damages** under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory **minimum of $4,000**.
> 3. **Reasonable attorney fees, litigation expenses and costs of suit**, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

See complaint and prayer. The Plaintiff is entitled to the relief that he has prayed for in his Complaint.

## A.    The American with Disabilities Act

Under Title III of the ADA, the general rule is that: "No individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).  The term "discrimination" is a little misleading:

2

> Although the term "discrimination" evokes images of active discrimination, e.g., a person is expressly forbidden to enter the premises because of his or her disability, Congress also intended to eliminate more passive forms of discrimination, e.g., a person is physically unable to enter the premises because it lacks a wheel-chair accessible entrance.   H.R.Rep. No. 101-485(II) at 99 (1990), reprinted at 1990 U.S.C.C.A.N. 303, 382 (a primary purpose of the ADA is to "bring individuals with disabilities into the economic and social mainstream of American life.")

*Independent Living Resources v. Oregon Arena Corp.*, 982 F.Supp 698, fn. 1 (D. Org. 1997). The scope of the Act covers not only intentional discrimination, but also the discriminatory effects of "benign neglect, apathy, and indifference." *Helen L. v. DiDario*, 46 F.3d 325, 335 (3rd Cir. 1995) (internal quotations omitted).

To succeed on his Title III, ADA claim, the plaintiff must, "establish that (1) he is disabled within the meaning of the ADA; (2) that the defendant's own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 368 (2nd Cir. 2008). Under Title III of the ADA, one form of discrimination is defined as failure to remove architectural barriers unless they are not readily achievable to remove. 42 U.S.C. § 12182(b)(2)(A)(iv). Thus, the following is a simplified statement of the elements necessary for the plaintiff to prove discrimination under this section:

1. The plaintiff must be disabled. 42 U.S.C. § 12102(a);

2. Defendant's facility must be a place of "public accommodation" and, therefore, governed by Title III of the ADA. 42 U.S.C. § 12182(a);

3. Defendant's facility must have had unlawful architectural barriers. 42 U.S.C. § 12182(b)(2)(A)(iv);

3

4. The Plaintiff must have encountered the architectural barrier precluding his full and equal access to the facility. 42 U.S.C. § 12188(a).

In this case, the plaintiff's civil rights were violated because defendants Rashad Sam Yafai, Abdo Yahia Nagi Sr and Musa Ali Hassan failed to provide accessible facilities at Corona Liquor located at or about 2280 E Main Street, Stockton, California. Plaintiff will discuss each element, seriatim.

### 1.   *The Plaintiff is Disabled*

The plaintiff is a man with severe mobility impairments who cannot walk and uses a wheelchair for mobility. There can be little doubt that he fits the qualification under the Americans with Disabilities Act as a person with a disability. *See* 42 U.S.C. § 12102(2)(A) (Defining a physical impairment substantially affecting a major life activity as qualifying as a disability).

### 2.   *The Defendant's Business is a Public Accommodation*

Service establishments are expressly identified as places of public accommodation and subject to Title III of the ADA. See 42 U.S.C. § 12181(7)(F).

### 3.   *The Business Presented Physical Barriers*

In the present case, the lack of accessible parking spaces, transaction counter, path of travel through merchandise aisle and restroom are a barrier to the plaintiff. Barriers are determined by reference to the American with Disabilities Act Accessibility Guidelines ("ADAAG"). *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011).

4

Plaintiff's Application for Default Judgment       Case: 2:15-CV-00226-TLN-CKD

Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. To qualify as a reserved handicap parking space, the space must be properly marked and designated. Under the ADA, the method and color of marking are to be addressed by State or local laws or regulations. See 36 C.F.R., Part 1191, § 502.3.3. Under the California Building Code, to properly and effectively reserve a parking space for persons with disabilities, each such space must be identified with a reflectorized sign permanently posted adjacent to and visible from each stall or space. CBC § 1129B.4. The sign must consist of the International Symbol of Accessibility (♿) in white on a blue background. *Id.* It cannot be smaller than 70 square inches and must be mounted so that there is a minimum of 80 inches from the bottom of the sign to the parking space. *Id.* Signs must be posted so that they cannot be obscured by a vehicle parking in the space. *Id.* An additional sign or additional language below the symbol of accessibility must state, "Minimum Fine $250" to ensure that the space remains available for persons with disabilities. *Id.* Another sign must be posted in a conspicuous place at the entrance to the parking lot or immediately adjacent to each handicap parking space, with lettering 1 inch in height, that clearly and conspicuously warn that unauthorized vehicles parking in the handicap parking spaces can be towed at the owner's expense. *Id.* Additionally, the surface of the handicap parking stall must have a profile view of a wheelchair occupant (♿) that is 36 inches by 36 inches. *Id.* And the surface of the access aisle must have a blue border. CBC § 1129B.3. The words "NO PARKING" in letters at least a foot high must be painted on the access aisle. *Id.* Here, there was no blue border around an access aisle, no "NO PARKING" lettering, no fine language, and the parking simply failed to comply.

Plaintiff's Application for Default Judgment        Case: 2:15-CV-00226-TLN-CKD

In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 inches in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1); 2010 Standards § 904. Here, no accessible transaction counter has been provided.

Shelves and display units allowing self-service by customers at stores must be located on an accessible route. 1991 Standards § 4.1.3(12)(b). An accessible route must be at least 36 inches in width. 1991 Standards § 4.3.3. Here, the failure to provide accessible paths of travel in and throughout the merchandise aisles is a violation of the law.

Restroom door hardware must have handles and other operating devices that have a shape that is easy to use with one hand and does not require tight grasping, tight pinching, or twisting of the wrist to operate. 1991 Standards § 4.23.2; 4.13.9; 2010 Standards § 404.2.7; 309.4. Here, the failure to provide accessible restroom door hardware is a violation of the law.

Mirrors shall be mounted with the bottom edge of the reflecting surface no higher than 40 inches above the finish floor. 1991 Standards § 4.19.6; 2010 Standards § 603.3. Here, the mirror was mounted higher than the maximum permitted and is a violation of the ADA.

Sink hardware must have a shape that is easy to grasp with one hand and does not require tight grasping, tight pinching, or twisting of the wrist to operate. 1991 Standards § 4.24.7 and 4.27.4. Here the failure to provide such sink hardware is a violation of the ADA.

Hot water and drain pipes under lavatories must be insulated or otherwise configured to protect against contact. 1991 Standards § 4.19.4; 2010 Standards §606.5. Here, the failure to wrap the plumbing underneath the sink is a violation of the ADA.

For a toilet to be considered accessible under the ADA, there must be two grab bars on walls adjacent to the toilet to assist persons with disabilities to transfer to the toilet. 1991 Standards § 4.16.4; 2010 Standards § 604.5. Here, the failure to provide compliant grab bars is a violation.

If controls, dispensers, receptacles or other equipment is provided in a restroom, they must be on an accessible route and be mounted so that their highest operable parts are no greater than 54 inches above the floor. 1991 Standards § 4.22.7; 4.27. Here, the failure to ensure that the wall mounted accessories met the height requirement is a violation of the ADA.

Whether or not the removal of these barriers is "readily achievable" is an affirmative defense that is waived unless raised. *Wilson v. Haria and Gogri Corp.*, 479 F.Supp.2d 1127, 1133 and fn. 7 (E.D. Cal. 2007) (if a defendant "has failed to plead that barrier removal is not readily achievable in its answer . . . the defense is waived" and, in such circumstances, the plaintiff need "not come forward with any evidence regarding barrier removal....") Here this is not an issue raised in contention. Moreover, the complaint allegation that a defendant failed to meet their barrier removal allegation is sufficient in a default judgment setting. Vogel v. Rite Aid Corp., --- F.Supp.2d ---, 2014 WL 211789, *8 (C.D. Cal. 2014) (compiling cases and holding that a defendant cannot meet their burden on the issue where they fail to appear and defend).

### 4.   *Summary*

The plaintiff is disabled. The defendant's business has unlawful barriers. The defendants failed to remove those barriers and violated the American with Disabilities Act. Plaintiff is entitled to an order requiring defendant to remove those unlawful barriers. *See* 42 U.S.C. § 12188.

7

**B.     The Unruh Civil Rights Act**

The Unruh Civil Rights Act provides that "a violation of the right of any individual under the Americans with Disabilities Act of 1990 shall also constitute a violation of this section." Cal. Civ. Code § 51(f). Under the Unruh Act, a party that discriminates against a plaintiff in violation of Civ. Code § 51 shall be liable for actual damages, up to three times actual damages but "in no case" less than $4,000.00 for each time that he was discriminated against. Cal. Civ. Code § 52(a). In the present matter, the Plaintiff is asking for two statutory minimum penalty assessment of $4,000.00 ($8,000.00 total) each as specified in California Civil Code § 52, and the actual attorney fees and costs that he has incurred in the amount of $4,115.00. See declaration of Potter filed contemporaneously with this Application.

### IV. THE EITEL FACTORS SUPPORT
### GRANTING SUMMARY JUDGMENT

Once a party's default has been entered, the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party. *See* Fed. R.Civ.Proc. 8(b)(6); *see also*, *e.g.*, *Geddes v. United Fin.Group*, 559 F.2d 557, 560 (9th Cir.1977) (stating the general rule that "upon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true"). Nonetheless, "[t]he district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the

8

---

sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits. See *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.1986). A consideration of these merits favors granting default judgment.

## A.      Possibility of Prejudice to Plaintiff

The plaintiff, a profoundly disabled person, has alleged that he suffers discrimination due to the defendants' failure to comply with the ADA, Unruh and CDPA. When a defendant has failed to appear and defend the claims, a plaintiff will be without recourse and suffer prejudice unless default judgment is entered. *Vogel v. Rite Aid Corp.*, --- F.Supp.2d ---, 2014 WL 211789, *3 (C.D. Cal. 2014) (granting a default judgment for a disabled plaintiff suing under the ADA, Unruh and CDPA, relying upon this rationale).

## B.      The Merits of the Plaintiff's Claims and Sufficiency of the Claim

These two *Eitel* factors are discussed above under section III of this brief. The plaintiff has sufficiently stated a meritorious claim.

## C.      The Sum of Money at Stake

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel*, *supra*, at *8. Here, the plaintiff only seeks a total of $12,115.00. "Courts frequently grant default judgment in Unruh Act and ADA cases and impose similar financial

Plaintiff's Application for Default Judgment      Case: 2:15-CV-00226-TLN-CKD

liabilities on the defendant." *Id.* at *9 (finding $13,739.20 was reasonable and collecting other cases where $10,119.70 and $12,000.00 were also reasonable and, in fact, "a relatively small award of damages" in similar ADA cases).

**D.    The Possibility of Dispute**

Where there is a properly pled and supported complaint and the defendant has failed to oppose the motion, there is "no factual dispute exists that would preclude the entry of default judgment" and this factors "favors the entry of default judgment . . .." *Id.* at *9.

**E.    The Possibility of Excusable Neglect**

While there is always a "theoretical possibility" that the defendant might show up claiming excusable neglect, where the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

**F.    Policy Favoring Decision on the Merits**

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The fact that Rule 55(b) exists demonstrates that "this preference, standing alone, is not dispositive." *PepsiCo*, 238 F.Supp.2d at 1177 (reasoning that "Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible"). Given that the defendant failed to appear and defend, the seventh *Eitel* factor does not preclude the entry of default judgment.

---

10

1

## IV. REQUEST TO AFFIX ATTORNEY FEES

2      The plaintiff's rights were violated under Title III of the American with
3  Disabilities Act and the Unruh Civil Rights Act. Under both Title III of the
4  ADA and the Unruh Civil Rights Act, a prevailing plaintiff is entitled to an
5  award of reasonable attorney fees. See 42 U.S.C. § 12205; Cal. Civ. § 52(a).
6  With these cases, it is inappropriate to use the default fee schedule under
7  Local Rule 55.

8      First, a cause of action under Title III of the ADA does not allow for
9  damages. *Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 50 (1st Cir. 2006) ("money
10  damages are not an option for private parties suing under Title III of the
11  ADA."). Thus, a reasonable attorney fee award cannot be calculated in a Title
12  III ADA case by reference to the Local Rule schedule. Because the sole
13  remedy under this particular cause of action is equitable, one cannot
14  calculate the "amount of judgment to arrive at a fee award. In other words,
15  because the plaintiff is entitled to injunctive relief under the ADA—not
16  damages—the amount of a "reasonable" fee cannot be determined by the
17  schedule. "Indeed, in lawsuits under the ADA itself (unlike the California
18  Civil Rights statutes), only injunctive relief is available and no damages are
19  available. ADA Title III damages are always zero; yet Congress specifically
20  offered statutory attorney fees as incentive to encourage attorneys to handle
21  these important cases." *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1077 (N.D.
22  Cal. 2010).

23      Second, it would be inappropriate to use the local rule fee schedule to
24  determine a reasonable fee for pursuing these civil rights claims. The fee
25  schedule creates a proportionality rule between damage recovery and
26  attorney fee award. This has been expressly rejected by the Supreme Court
27  for use in civil rights cases. See *City of Riverside v. Rivera*, 477 U.S. 561, 578
28  (1986) ("A rule of proportionality would make it difficult, if not impossible,

---

11

Plaintiff's Application for Default Judgment        Case: 2:15-CV-00226-TLN-CKD

1  for individuals with meritorious civil rights claims but relatively small
2  potential damages to obtain redress from the courts. This is totally
3  inconsistent with Congress' purpose....").   As one federal court noted,
4  "damages are not considered the primary purpose of California laws
5  protecting physically disabled persons." *Blackwell*, 724 F.Supp.2d at 1077.
6  "If fees were limited by the amount of damages, no matter how meritorious
7  the clients' claims might be, attorneys simply would not take these cases.
8  This would be contrary to legislative determinations that statutory attorney
9  fees should encourage attorneys to represent disabled persons." *Id*.

10      In sum, it is simply inappropriate to tie the amount of recoverable
11  attorney's fees to the amount of monetary recovery in these small dollar civil
12  rights cases. The plaintiff requests this Court affix the attorney fees.

13

14                          **V. CONCLUSION**
15      The plaintiff respectfully request this Court grant his application for
16  default judgment and issue the proposed judgment.

17

18  Dated: February 13, 2016          CENTER FOR DISABILITY ACCESS
19                                    /s/ Mark Potter
20                                    By: _____
21                                    Mark Potter, Esq.
                                      Attorneys for Plaintiff
22

23

24

25

26

27

28

Plaintiff's Application for Default Judgment          Case: 2:15-CV-00226-TLN-CKD